[Cite as *Yoder Properties, Ltd. v. Perry Local School Dist. Bd. of Edn.*, 2013-Ohio-1230.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| YODER PROPERTIES, LTD., ET AL. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| PERRY LOCAL SCHOOL DISTRICT | : | |
| BOARD OF EDUCATION, ET AL. | : | Case No. 2012CA00148 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Board of Tax
                                      Appeals, Case Nos. 2011-K-2771
                                      and 2011-K-2773


JUDGMENT:                             Reversed and Remanded


DATE OF JUDGMENT:                     March 28, 2013


APPEARANCES:

For Plaintiff-Appellants                For Defendants-Appellees

ROBERT E. SOLES, JR.                    ROBERT M. MORROW
KARA DODSON                             1650 Lake Shore Drive
FAITH DYLEWSKI                          Suite 285
Washington Square Office Park           Columbus, OH  43204-4894
6545 Market Avenue North
North Canton, OH  44721                 JOHN D. FERRERO
                                        Prosecuting Attorney

                                        By: DAVID M. BRIDENSTINE
                                        110 Central Plaza South
                                        Suite 510
                                        Canton, OH  44702

*Farmer, J.*

{¶1} On March 29, 2011, appellants, Yoder Properties, Ltd. and WJJS Properties, LLC, each filed complaints with the Stark County Board of Revision, contesting the valuation of real property for several parcel numbers. Appellants' identified agent was Ron Groom.

{¶2} On May 16, 2011, appellee, the Perry Local School District Board of Education, filed a counter-complaint in each case, supporting the auditor's valuations and questioning Mr. Groom's representative status.

{¶3} The cases were consolidated and a hearing was held on August 2, 2011. By decision dated September 7, 2011, the Board of Revision accepted appellants' valuations on the parcels and reduced the values accordingly.

{¶4} On September 21, 2011, appellee filed appeals with the Board of Tax Appeals which were subsequently consolidated. On May 3, 2012, appellee filed a motion to remand the matter, claiming the complaints were insufficient to invoke the Board of Revision's jurisdiction because Mr. Groom was not an attorney and was working on the behalf of others. Appellants filed a response on May 18, 2012. By decision and order dated July 11, 2012, the Board of Tax Appeals agreed with appellee and remanded the matter to the Board of Revision with instructions to dismiss the complaints.

{¶5} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "IT WAS UNLAWFUL AND UNREASONABLE FOR THE BOARD OF TAX APPEALS TO FAIL TO CONSIDER APPELLANTS' RESPONSE TO THE MOTION TO

REMAND WHICH WAS TIMELY FILED ON MAY 18, 2012, WITHIN THE 14 DAYS OF SERVICE AS SET FORTH IN OAC 5717-1-12, WHEN SERVICE WAS EFFECTIVE ON MAY 4, 2012, PURSUANT TO OAC 5717-1-5."

II

{¶7} "IT WAS UNLAWFUL AND UNREASONABLE FOR THE BOARD OF TAX APPEALS TO DISREGARD THE EXPRESS STATUTORY GRANT OF AUTHORITY CONTAINED WITHIN ORC 5717.19, WHICH EXPLICITLY PROVIDES THAT IF A COMPLAINANT IS A COMPANY, CORPORATION OR LIMITED LIABILITY COMPANY, A SALARIED EMPLOYEE MAY PROPERLY FILE A COMPLAINT ON BEHALF OF SAID ENTITY."

I

{¶8} Appellants claim the trial court erred in failing to consider their May 18, 2012 response. We agree.

{¶9} By decision and order filed July 11, 2012, the Board of Tax Appeals stated, "[n]o response to the motion has been filed within the period allowed by this board's rules. See Ohio Adm. Code 5717-1-12(B). Also included within the record of these appeals are the transcripts certified by the BOR pursuant to R.C. 5717.01."

{¶10} Ohio Adm.Code 5717-1-12 states the following:

Unless made at a hearing or otherwise ordered, any request to the board shall be by written motion and shall be accompanied by a brief stating with particularity the grounds for the motion and citations of any authorities relied upon. Except for good cause shown, motions shall be filed within a reasonable period of time following filing of the notice of

appeal so as to permit the board to consider and respond thereto in the orderly course of the board's business.

Any party may file a brief contra within fourteen days after service of the motion, or such other period as the board or the attorney examiner requires.

{¶11} Appellant filed its motion for remand on May 3, 2012. The certificate of service stated the motion was mailed by ordinary mail on May 1, 2012.

{¶12} Civ.R. 6(D) provides the following:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document upon that party and the notice or paper is served upon that party by mail or commercial carrier service under Civ.R. 5(B)(2)(c) or (d), three days shall be added to the prescribed period.

{¶13} Appellants' response was filed on May 18, 2012. By using the three days permitted for ordinary mail service, the response was timely filed. We conclude the Board of Tax Appeals erred is not considering appellants' response.

{¶14} Assignment of Error I is granted. The July 11, 2012 decision and order are reversed and the matter is remanded to the Board of Tax Appeals to consider appellants' response in its determination. We do so because appellants' response is not included in the record of the Board of Tax Appeals, and the hearing before the Board of Revision was not transcribed pursuant to App.R. 9.

{¶15}   Assignment of Error II is moot.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

_s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ William B. Hoffman_____

JUDGES

SGF/sg 311

[Cite as *Yoder Properties, Ltd. v. Perry Local School Dist. Bd. of Edn.*, 2013-Ohio-1230.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| YODER PROPERTIES, LTD., ET AL. | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PERRY LOCAL SCHOOL DISTRICT | : | |
| BOARD OF EDUCATION, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2012CA00148 |

For the reasons stated in our accompanying Memorandum-Opinion, the decision and order of the Board of Tax Appeals is reversed, and the matter is remanded to said board for further proceedings consistent with this opinion. Costs to appellee Perry Local School District Board of Education.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ William B. Hoffman_____

JUDGES